[Crim. No. 148. Second Appellate District.—November 15, 1909.]

Ex Parte A. J. HANSEN, on Petition for Habeas Corpus.

HABEAS CORPUS—CONVICTION UNDER COUNTY LIQUOR ORDINANCE—SUF-
FICIENCY OF CHARGE.—Under a county ordinance making it a misdemeanor, outside of municipalities, to sell, furnish, distribute, divide, or give away, or to furnish, receive, accept or otherwise obtain malt and intoxicating drinks, or in any manner to encourage, aid, abet or assist in the violation of the ordinance, an affidavit before a magistrate charging defendant with willfully, unlawfully, intentionally and knowingly encouraging, aiding and abetting in the violation of the ordinance, by then and there purchasing, receiving and accepting malt and intoxicating liquor described, and furnishing, selling, distributing, and giving away the same to persons unknown, sufficiently states an offense, and the defendant convicted thereunder is not entitled to be discharged from custody upon *habeas corpus.*

ID.—CHARGE UNDER TERMS OF ORDINANCE—DETERMINATION OF GUILT.
The charge being made under the terms of the ordinance, which

makes illegal the selling or giving away intoxicating drinks, as well as to aid and assist others in the commission of the offense, it would be immaterial in determining the guilt of the accused, whether the act committed was individual or in the aid and assistance of others connected therewith.

Id.—Reasonable Construction of Charge.—A fair and reasonable construction of the language employed in making the charge renders it sufficiently explicit to apprise the defendant of the offense charged, and to permit evidence to be received in connection therewith establishing the commission of the acts charged.

PETITION for discharge of *habeas corpus* after conviction for violation of a county ordinance.

The facts are stated in the opinion of the Court.

Conkling & Brown, for Petitioner.

THE COURT.—It appears from the application of petitioner that he is deprived of his liberty under a commitment issued upon a conviction of an alleged misdemeanor. This conviction is shown to have been based upon an affidavit filed before a magistrate which charged the defendant with willfully, unlawfully, intentionally and knowingly encouraging, aiding and abetting in the violation of a certain ordinance, by then and there purchasing, receiving and accepting malt and intoxicating liquor, to wit, beer, and furnishing, selling, distributing, delivering and giving away the same to other persons unknown. The ordinance, No. 2, referred to in the affidavit, makes it unlawful for any person, firm or corporation within the county and outside of municipalities therein contained, to sell, furnish, distribute, divide, or give away intoxicating drinks in any quantity, except for certain specified purposes. By section 4 of the ordinance, it is made unlawful for any person to furnish, receive, accept, or otherwise obtain any intoxicating drinks, or in any manner to encourage, aid, abet, or assist in the violation of the ordinance.

The contention of petitioner upon this application is that it is not charged that any misdemeanor was committed by anyone in the commission of which petitioner could aid, abet or assist. As we read the affidavit of complaint, it charges the petitioner with willfully and unlawfully purchasing, receiving and accepting a certain kind of intoxicating drink, and of furnishing, selling and distributing the same to other persons unknown. It is true that the affidavit does allege

that in doing this he was aiding, assisting and abetting others, but inasmuch as a substantive offense, that of selling, furnishing and giving away, etc., is alleged as against him, it would be immaterial in determining his guilt whether the act committed was individual or in the aid and assistance of others connected therewith. The selling or giving away of intoxicating drinks is made an offense under the ordinance, as well as to aid and assist others in the commission of such offense. We think a fair and reasonable construction of the language employed in the affidavit leads to the conclusion that the charge in the affidavit is sufficiently explicit to apprise the defendant of the offense charged and to permit evidence to be received in connection therewith establishing the commission of such acts.

Writ denied.